IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

DONALD WARD
ANA WARD
LISA WARD                                                                         PLAINTIFFS

V.                                                                       CASE NO. 3:07CV132

BARDEN MISSISSIPPI GAMING LLC                                           DEFENDANT

## ORDER GRANTING SUMMARY JUDGMENT

This cause comes before the court on the motion [33] of the defendant, Barden Mississippi Gaming, LLC ("BMG"), seeking summary judgment.

This case arises out of a slip and fall that occurred sometime during the week of August 8, 2006. During that week, the plaintiff, Donald Ward, entered a restroom in Fitzgerald's Casino where he slipped and fell. BMG owns and operates Fitzgerald's Casino. Ward claims he fell because the floor of the bathroom had been mopped and left damp. Ward did not see anyone mop the floor, but simply makes that assumption based on his perceptions at the time of the fall. After the fall, Ward returned briefly to the gaming tables and then made the six hour drive to his home.

Summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). An issue of material fact is genuine if a reasonable jury could return a verdict for the nonmovant. *Anderson v. Liberty Lobby*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d

202 (1986). In reviewing the evidence, this Court must draw all reasonable inferences in favor of the nonmoving party, and avoid credibility determinations and weighing of the evidence. *Reeves v. Sanderson Plumbing Prods. Inc.*, 530 U.S. 133, 150, 120 S.Ct. 2097, 2110, 147 L.Ed.2d 105 (2000). In so doing, the Court must disregard all evidence favorable to the moving party that the jury is not required to believe. *Reeves*, 530 U.S. at 151, 120 S.Ct. at 2110.

BMG moves for summary judgement because there is no proof it created or knew about the dangerous condition in the restroom.

In *Huguley v. Imperial Palace Of Mississippi, Inc.*, the Mississippi Court of Appeals dealt with a similar set of facts. 930 So.2d 1278 (Miss. App. 2006). *Huguley* dealt with a plaintiff who slipped and fell on a slippery parking ramp. *Id*. at 1279. There was testimony of a sheen on the concrete from which the plaintiff inferred the presence an oil-like substance left by construction work. *Id*. at 1280-81. The court upheld a grant of summary judgment on these facts. *Id*. at 1281. The court stated:

> Merely proving that an accident occurred on a business premises is not sufficient to prove liability or by itself prove that a dangerous condition existed at the time of the accident. There must be proof that the business was negligent. Here there is no proof that [the defendant] was in any way negligent. The [testimony] cannot and do[es] not show what caused [the plaintiff] to fall.

*Id*. (internal citations omitted).

Likewise there is no proof as to what caused the dangerous condition here. Ward assumes the water on the bathroom floor came from a BMG employees' action. He bases this assumption on the fact he did not see a toilet, urinal, or sink overflowing. While this eliminates some possible causes, it does not establish the water came from a mop wielded by a BMG employee.

There is no proof BMG knew or should have known of the condition. Ward states he did

not see a BMG employee in the bathroom at the time of the fall and offers nothing to show the length of time the condition had existed.

Additionally, the court is hesitant to rely on self-serving statements made in response to summary judgment motions. "Unsubstantiated assertions are not competent summary judgment evidence." *Hugh Symons Group, PLC v. Motorola, Inc.*, 292 F.3d 466, 468 (5th Cir. 2002) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-34 (1986); *Forsyth v. Barr*, 19 F.3d 1527, 1533 (5th Cir. 1994)). As such, self-serving statements employed to create questions of material fact should be carefully scrutinized by courts. *Vais Arms, Inc. v. Vais*, 383 F.3d 287, 294 (5th Cir. 2004).

Ward is forced to rely on his own statements because he did not report the incident at the time it occurred. He did not fill out an incident report. He cannot give a timeframe for when the accident occurred precluding all possible investigation. These facts eliminate the possibility of any corroborating evidence. Ward is responsible for this development and his suit cannot be saved by self-serving assertions he made impossible to investigate.

The court finds there is not sufficient proof for this claim to survive summary judgment.

BMG's motion is GRANTED.

This the 20th day of February, 2009.

                                                **/s/ MICHAEL P. MILLS**
                                                **CHIEF JUDGE**
                                                **UNITED STATES DISTRICT COURT**
                                                **NORTHERN DISTRICT OF MISSISSIPPI**